IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNEST MACHADO,

    Petitioner,

v.

ANTHONY KANE, Warden,

    Respondent.

No. C 05-01632 WHA

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Ernest Machado, a prisoner at the Correctional Training Facility in Soledad, California, is serving a sentence of 26 years to life plus a one-year firearm enhancement term following his conviction for first-degree murder. He seeks federal habeas corpus relief pursuant to 28 U.S.C. 2254. Finding that petitioner has stated a cognizable claim, the Court issues this order to show cause why a writ of habeas corpus should not be granted.

## STATEMENT

Petitioner was convicted in 1981 in Los Angeles County Superior Court on one count of first-degree murder and committed into state custody on July 2, 1982. On April 8, 2004, at his sixth parole hearing, the California Board of Prison Terms ("BPT") found petitioner unsuitable for parole. The BPT panel found that petitioner would pose an unreasonable risk of danger to society or a threat to public safety if released.

Petitioner thereafter filed a state habeas petition on August 27, 2004 in the Superior Court of Los Angeles County. The petition was denied on November 2, 2004. The California Court of Appeals, Second District, subsequently denied the petition on November 2, 2004. A petition for review was filed in the California Supreme Court and denied on February 16, 2004. Petitioner filed the instant federal petition for writ of habeas corpus on March 24, 2005 in the United States District Court for the Central District of California. The matter was transferred to this Court on April 1, 2005. The Central District found that because petitioner is challenging the execution of his sentence and is incarcerated within the jurisdictional boundaries of the United States District Court for the Northern District of California, this Court was the appropriate forum.

## ANALYSIS

### 1. STANDARD OF REVIEW.

A federal district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). A court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id*. at 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### 2. PETITIONER'S LEGAL CLAIM.

Petitioner seeks relief in the instant matter on the ground that his denial of parole was a violation of his constitutional right to due process. Specifically, petitioner claims that the BPT panel's decision was not supported by evidence, "inapposite to the record," irrelevant to parole suitability, and arbitrary in the extreme. He also claims that no nexus was set forth by the panel between the grounds for denying parole and his current parole risk. Lastly, petitioner asserts that the parole panel's continued reliance on the unchanging characteristics of his offense and

1 prior record has in effect converted his prison term to life without parole.  Petitioner states a
2 cognizable federal habeas claim and warrants an answer from respondent.

### CONCLUSION

Respondent shall file and serve upon petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall, within that time, also serve an indexed copy of all portions of the state record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition, as well as any additional matters required to be filed by Local Rule 2254-6(b).  If petitioner wishes to respond to the answer, he shall do so by filling a traverse with the Court and serving it upon respondent within thirty days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:  July 5, 2005.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3