IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MACHADO,<br><br>    Petitioner,<br><br>  v.<br><br>ANTHONY KANE, Warden, Correctional Training Facility, Soledad,<br><br>    Respondent.<br>_____/ | No. C 05-01632 WHA<br><br>**ORDER DENYING MOTION TO DISMISS** |

## INTRODUCTION

In this habeas case, respondent Anthony Kane has moved to dismiss the petition in its entirety on grounds that this Court does not have subject-matter jurisdiction. He claims that it does not present a federal legal issue. The petition by Ernest Machado claims that his due-process rights were violated when the state denied him parole on the basis of irrelevant factors and on conclusions unsupported by evidence. These allegations state a claim under 28 U.S.C. 2254 and the due-process clauses of Fifth and Fourteenth amendments. The motion is **DENIED**.

## STATEMENT

Petitioner shot a man in the back of his neck during a robbery, killing him. A jury convicted him of using a gun to commit first-degree murder. His sentence of 26 years to life allows parole (Pet. 2 & Exh. B at 1 (Life Prisoner Evaluation Report, Subsequent Parole Consideration Hearing, Sept. 2003 Calendar at I.A.)).

On April 8, 2004, the California Board of Prison Terms denied petitioner parole on various grounds (Pet., Exh. A at 87 (Subsequent Parole Consideration Hearing)).

On May 21, 2005, Mr. Machado petitioned for a writ of habeas corpus, claiming that the board's decision violated his Fifth and Fourteenth amendment due-process rights. On July 5, this Court found that petitioner stated cognizable due-process claims and ordered respondent to answer them (Order to Show Cause 2–3). Respondent then moved to dismiss. Petitioner served an opposition brief on respondent November 19. Respondent was required to file any reply brief "within the seven calendar days following the day he receives any opposition brief" (Scheduling Order for Motion to Dismiss). He filed his reply three days late without any motion to extend his deadline. This order therefore does not consider the reply. Neither does it accept petitioner's second response brief, filed December 2. That brief was not requested or authorized, nor did petitioner ask for permission to file it.

**ANALYSIS**

Respondent styles his motion as one made pursuant to 28 U.S.C. 2254 and Rule 4 of the rules governing Section 2254 proceedings. Neither of these authorities allow a motion to dismiss. The motion actually is one under Federal Rule of Civil Procedure 12(b)(1), asserting lack of subject-matter jurisdiction. *See also* Rule 11, rules governing Section 2254 proceedings (Federal Rules of Civil Procedure may be applied to 28 U.S.C. 2254 proceedings).

Rule 12(b)(1) allows respondents to attack a petition on its face, assuming the truth of its allegations. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 945 (9th Cir. 1999). The instant motion is such a challenge. It does not address any of petitioner's factual claims. Instead, movant asserts that petitioner does not assert any liberty interest protected by the due-process clauses (Br. 2).

This court has federal-subject matter jurisdiction over any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. A proper petition for habeas corpus gives rise to federal subject-matter jurisdiction. 28 U.S.C. 2254(a) (petition must claim that the prisoner is held "in custody in violation of the Constitution or laws or treaties of

the United States"). The Fifth and Fourteenth amendments prohibit the government from depriving a prisoner of life, liberty, or property without due process of law. A prisoner claiming a due-process violation must allege deprivation of a constitutionally protected liberty or property interest, which can be created by a state statute, and a denial of adequate procedural protections. *Biggs v. Terhune*, 334 F.3d 910, 913 (9th Cir. 2003). A federal, constitutional claim confers subject-matter jurisdiction on district courts unless the claim's "unsoundness so clearly results from the previous decisions of [the Supreme C]ourt as to foreclose the subject and leave no room for . . . controversy." *Hagans v. Lavine*, 415 U.S. 528, 536–38 (1974).

California Penal Code Section 3041 required the Board of Prison Terms to grant parole except under certain circumstances. Cal. Penal Code § 3041(b) ("The panel or the board . . . *shall set a release date unless* it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration.") (emphasis added); *see also In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (holding that, although Section 3041(a) requires the board to set uniform release dates for inmates with similar offenses, that duty is modified by 3041(b), which requires the board *not* to set a release date if the inmate would be dangerous upon release). This Section 3041 requirement to grant parole except under certain circumstances creates "a cognizable liberty interest in parole which is protected by the procedural safeguards of the Due Process Clause" for every eligible inmate. Adequate procedural protection includes resting the parole decision on evidence with "some indicia of reliability." *Biggs*, 334 F.3d at 913–15.

In the instant case, petitioner asserts that he was denied due process under Section 3041 because the board did not base its parole denial on evidence and based it upon irrelevant factors. Petitioner gives scant attention to establishing his constitutionally protected liberty interest. Not much, however, is needed, given the Ninth Circuit's previous statements that Section 3041 creates such an interest for every eligible inmate upon incarceration. Petitioner asserts that he is eligible for parole and that he is incarcerated (*see, e.g.*, Pet. 1). That is enough for this order to conclude that he properly claims a liberty interest in the state abiding by Section 3041 and

3

granting parole when the statute requires it. His petition also describes denials of adequate procedural protections. He claims that the board's decision against parole (1) was not based on evidence (2) was contrary to the record; (3) was based on irrelevant factors; (4) was based on factors inherent in all first-degree murders; and (4) was based on the unchangeable facts of his offense, effectively transforming his sentence into life *without* possibility of parole (Br. 6–15).

Respondent does not address these individual claims. He seeks to discredit the petition on a wholesale basis. This order therefore considers only whether there is some basis, among all the claims, for federal-question jurisdiction. There is. First, a federally protected liberty interest is at stake. *See Biggs*, 334 F.3d at 913–15. This finding is enough to support denial of the instant motion, for respondent does not attack jurisdiction on the ground that petitioner failed to allege the denial of adequate procedural safeguards. This order nevertheless finds that nothing in the petition's treatment of procedural safeguards renders jurisdiction improper. The allegation that the board did not base its decision on evidence raises a claim under *Biggs*. So does the allegation that reliance on unchanging factors is improper. *See* 334 F.3d at 915, 917 ("[C]ontinued reliance . . . on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment . . . could result in a due process violation."). The petition also states a federal claim under *Sandin v. Conner*, which found that arbitrary state decisions against prisoners may violate their due-process rights. *See* 515 U.S. 472, 487 & n.11 (1995). In sum, the petition is replete with federal claims.

Respondent argues that *Dannenberg* requires a different conclusion. He argues that it provides an authoritative interpretation of Section 3041 that modifies *Biggs*. The warden claims that the state's high court held that "life inmates in California do not have a legitimate expectation in early release on parole" (Br. 5). That was not the court's holding. It found only that Section 3041 did not create a liberty interest in having a parole decision that is uniform with those of similarly situated prisoners. *Dannenberg*, 34 Cal. 4th at 1070–71.

Mr. Machado does not solely assert that his due-process rights were violated because he was denied a uniform parole decision. He asserts that the decision was not based on evidence,

4

was contrary to the record, was based on irrelevant and non-individualized factors, and effectively transformed his sentence from one with the possibility of parole to one without the possibility of parole. The *Dannenberg* court itself recognized that such a claim presents a valid due-process claim when it stated that board decisions not based on evidence, or based on irrelevant factors, may deny prisoners' their due-process rights. *See Dannenberg*, 34 Cal. 4th at 1071. Petitioner's claims not only are consistent with federal caselaw but also harmonize with the main decision that respondent argues deprives this court of jurisdiction.

Respondent also argues that this Court does not have jurisdiction because the asserted liberty interest has no "real substance" and is thus barred by *Sandin*. *Sandin* held that a prisoner did not have a constitutionally protected liberty interest in being kept free of disciplinary segregation because disciplinary confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *See Sandin*, 515 U.S. at 478, 486. Respondent argues that denial of early release did not impose an "atypical and significant hardship" because petitioner's sentence authorized imprisonment for his entire life (Br. 4). Such an argument is not strong enough to destroy federal jurisdiction. For one thing, *Sandin* had nothing to do with parole. Petitioner's argument therefore is not clearly unsound under *Sandin* or under any other Supreme Court decision. *See Hagans*, 415 U.S. at 536–38.

## CONCLUSION

For the reasons given above, this court has federal subject-matter jurisdiction over the petition. The motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 6, 2005

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5