IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MACHADO,<br><br>  Petitioner,<br><br>  v.<br><br>ANTHONY KANE, Warden, Correctional Training Facility, Soledad,<br><br>  Respondent. | No. C 05-01632 WHA<br><br>**CERTIFICATE OF APPEALABILITY** |

### INTRODUCTION

Petitioner Ernest Machado has notified the Court that he intends to appeal the denial of his petition for a writ of habeas corpus. His petition presented a question that deserves further attention, at least after all doubts are resolved in Mr. Machado's favor. The Court therefore **ISSUES A CERTIFICATE OF APPEALABILITY**.

### STATEMENT

Petitioner is spending twenty-six years to life in state prison for using a gun to commit first-degree murder. On April 8, 2004, the state Board of Prison Terms put off setting a parole-release date. Mr. Machado petitioned the Superior Court for a writ of habeas corpus. The court rejected his petition. He then sought federal relief. The Court denied his petition February 22, 2006. Judgment was entered the next day. He noticed his appeal March 1, 2006.

**ANALYSIS**

When a petitioner files a notice of appeal, the district judge who considered his petition must either certify his appeal or state why a certificate should not issue. FRAP Rule 22(b)(1). Without such a certificate, the petitioner cannot pursue his challenge. A district court may grant a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253©)(2). Such a showing is made if the petitioner demonstrates "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Any doubt is resolved in the petitioner's favor. *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citations omitted) (brackets in original).

Mr. Machado's petition was based on a claim that he was denied the process of law to which he was due under the Fourteenth Amendment. There were two sub-issues before the Court: *first*, whether petitioner had a protected liberty interest in parole, and, *second*, whether the state gave him the process of law due to him. The Court found that petitioner had a protected interest but that he received all process that was due.

The question before the Court now is whether petitioner made a substantial showing that the state did not give him due process. This order holds that he did. He claimed that the Board of Prison Terms impermissibly based its decision on unchangeable facts of his offense. The Ninth Circuit has raised the possibility that repeated denial of parole based on such unchangeable facts might be a constitutional violation. *See Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003). Whether such a constitutional rule exists is a question that might be examined on appeal of this Court's decision. The issue is "adequate to deserve encouragement to proceed further." *See Lambright*, 220 F.3d at 1025.

**CONCLUSION**

For the reasons stated above, the request for a certificate of appealability is **GRANTED** on the issue of whether the state afforded petitioner all the process of law to which he was due under the Fourteenth Amendment.

**IT IS SO ORDERED.**

Dated: April 3, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE